Good morning, Your Honor. Meredith Rawls on behalf of Mr. Castillo and joining me at the Council table, but who will not be arguing, is Catherine Martel. Your Honors, this appeal presents two issues. One, whether the Circuit Court erred in denying our request for compelled review, whether the general Fifth Amendment assertion by the material witness was sufficient to dismiss the material witness warrant. The government says there's no jurisdiction. Your Honor. There's a third issue for you. Yes, Your Honor. We believe neither of these issues are... I'm asking why it's not moot. There'd be a fourth issue for you. Yes, Your Honor. These issues are not waived or moot. Mr. Castillo asserted throughout the entire proceedings that the material witness should be held to testify at trial. At no point did he back off of that assertion. Mr. Castillo was under no obligation to request a deposition and instead relied on his request that the material witness be held until trial. The government may have some duty to request a deposition, as we stated in our brief, but Mr. Castillo had no such... But trial's over. Yes, Your Honor, it is. Trial's over and that's another appeal. Yes, Your Honor, that appeal... You don't raise it in that appeal. Well, Your Honor, it comes up on... You've got it coming up here, pre-trial. Yes, Your Honor. Apparently, the material witness had been deported and no longer subject to subpoena or arrest in the United States. In that case, we argue the court has power to fashion other remedies. At the time that the appeal had been noted, the trial was still pending and the... Well, don't you have to raise it in the appeal from the final judgment as an error committed during the course of the trial? Your Honor... And then as a mid-trial or pre-trial collateral order appeal of some kind, where there's no jurisdiction. Your Honor, this was a final order dismissing a warrant. And that is the final order from which we're appealing. We had to put a different number on it, but it was... You want to call a witness? If a judge... If you want to call a witness at the trial, the judge rules up or down on whether you can call the witness. Here, you didn't get to call the witness. That's correct, Your Honor, because... And the failure to call the witness or the judge's failure to let you call the witness and to make a ruling in favor of giving immunity deprived you of the testimony. So, you got an argument there of a trial error. If the judge should have given him immunity or ordered him to give immunity, he could never do that. I'm not sure he could ever do it. But you did get the issue raised, but don't you have to raise it as a trial error? Your Honor, this case is... If you can consolidate it into the next case or something. I don't know. Your Honor, this case is a little different... Or how's the jurisdiction? Your Honor, it's a little different because we have a material witness warrant that was dismissed and... Does that make it a collateral order? Your Honor, it is an independent proceeding, we would argue. You wanted his testimony for the trial. Yes, Your Honor. And you didn't get it. That's correct. So, you're claiming you were deprived of a new trial, of a fair trial. I assume by the fact you didn't get the testimony. That would be one issue, yes, Your Honor, and because we've been... But you don't argue that in the trial. That's the only issue you have, right? I mean, how could any other issue merit to make any difference now? The trial's gone, so you assert because you didn't get your relief here? That's correct, Your Honor. The material witness had been deported as a result of the warrant being dismissed. At the time that we noted the appeal and the time that the government filed their brief in opposition, the trial was still ongoing and at that time... Are you saying that we made a mistake in not ruling immediately on this? No, Your Honor, but the situation, we admit the situation has changed. At the time that we noted the appeal, the remedy could have been to reverse, would have been to reverse the order and allow the... During the trial or before the trial, this went on during the trial, right? The material witness... I don't have the dates, but this trial lasted a while. The trial did last a while. This was going on either immediately pre-trial or during the trial and if we had ruled then in your favor, you might have benefited at the trial, but now the trial's over with. Yes, Your Honor, that's correct. So why isn't it moved? Beyond that, how was there any jurisdiction anyway? You had to raise it during the trial. Judge, you should have let us call this witness and you should give him immunity because he's going to exculpate us and then he said I'm going to take the Fifth Amendment. The judge says I can't make him testify and I'm not going to give him immunity. So you're saying the judge is wrong and you need to raise that post-trial as a claim that you have? But I don't know. Your Honor, the difference here is that it was a not merely a subpoena for a witness. It was a material witness warrant. It was a material witness warrant, yes, Your Honor. Which was dismissed. Yes, Your Honor, and normally those, as I understand it, those warrants are issued on the behalf of the government and in this case it was another... It was a defendant, Mr. Castillo, who requested the issuance of the warrant. And he got it. Yes, Your Honor, he did get it. The judge dismissed it because he said I'm not going to do, I'm not going to give him, or order the government to give him immunity. He said, and he says he'll take the Fifth Amendment so he can testify. Because they, the government wants, they say they want to prosecute him in the state court. Yes, Your Honor, yes. However, because this, because this witness was... You'd have to get, Judge Lee would have to order the Attorney General of the United States to order or direct the United States Attorney to seek immunity. Yes, Your Honor, yes. Which is a big step. It is a big step. In and of itself. And the only authority he got is, you know, there's been some kind of gross misconduct or something on the part of the prosecutor for him to consider that kind of stuff. Your Honor, the standard is not gross misconduct. The, as cited in Musawi, which relies on Westerdahl and that line of cases, the required showing is prosecutorial misconduct and the two prongs in Westerdahl... The statute doesn't give any judge the power to do that kind of stuff. The statute just says that immunity, only a warrant of immunity has to be requested by the Attorney General. That's correct, Your Honor, but this... Doesn't give judges any authority to do it. They talk about doing it under the due process clause. Yes, Your Honor. Give somebody a fair trial. Yes, Your Honor, and under Musawi, that's been recognized as the majority rule that's followed also in courts in this circuit. But it's for extreme situations. Yes, Your Honor, and when someone is charged with murder of this type where the government's only evidence essentially is... This guy was a participant in it. It appears so, Your Honor, but he was not subject to any federal prosecution. How many people do you give immunity to? Your Honor, he was not just a regular co-defendant. He was, he had been prosecuted in federal court and then the federal prosecutors ceased that prosecution and stated to the court that they were not going to further prosecute this individual and that in fact a grant of... I don't understand what the... How do you expect it to gain anything from this issue? Because the testimony that was talked about here seemed to be anything but exculpatory. The witness had actually seen the murder, had he not? Yes, Your Honor, it appears that he had. Didn't he see Castillo holding down the feet of the victim during the whole proceeding? Your Honor, that's not what the witness stated in his statement. He stated that an individual that he knew as Lil Paiso had held down the feet, but Mr. Castillo denies that he's known as Lil Paiso and that there were other individuals also known as Lil Paiso in this... This would be the last person Castillo would want on the stand. Well, Your Honor, if he's got his involvement, he's going to testify to his involvement and what he was doing to the victim. Well, Your Honor, if he had testified we believe that he would have testified that Mr. Castillo wasn't present and he had been unable to identify Mr. Castillo in the interview with federal agents or when he testified in the court. And we expected that testimony to continue to be consistent when he testified on Mr. Castillo's behalf under the material witness warrant. How can it be an abuse of discretion to decline to compel immunity? I mean, immunity is generally something that is within the prosecutor's discretion and it's not something that district judges just... Whether to immunize a witness is not something that district judges often jump into. Yes, Your Honor, that's correct. It's very, very unusual for a district judge to be ordering a prosecutor to grant someone immunity and especially when the material witness is likely to be prosecuted himself. Why would they grant him immunity? Your Honor, it is a unique situation, but this was a unique case where this witness... It would be undermining... To follow up on what Judge Wilkinson said, for the judge to say, I'm going to give him immunity or order you to give him immunity, the judge would be undermining the state criminal prosecution. Your Honor, that is not correct. Well, they're going to prosecute him in state court. Yes, as we understand it, the state court was intending to prosecute this individual, but as was conceded by the government in their statements in Joint Appendix 66 and 67 by trial counsel, such a grant of immunity would not foreclose a state prosecution. It would also, in the opinion of the prosecutor who is arguing, would not prevent further proceedings under CASTAGAR as they believe that their investigation had been fully completed. Regardless of who's to prove it's not tainted, they could still prosecute him. That's what the trial counsel for the government stated during their argument was that their investigation had been completed, that this individual was not going to be... What did the state prosecutor say? We don't have their statements on the record. In charge of the prosecution over in state court. Yes, Your Honor. The state prosecutor. Yes, Your Honor. The only indication we have from the state prosecutor was that they were merely waiting for the completion of the federal prosecution to initiate the state prosecution against the material witness. I see that my time is up. I reserve the rest of my time for rebuttal. You have some rebuttal. Thank you, Your Honor. Um, Mr. Calazon The, the case here, um, seems to be so insubstantial on the merits, uh, on the one hand, it doesn't attack upon the district court's, uh, refusal to compel immunity, um, and district judges rarely, uh, inject themselves in the absence of any prosecutorial bad faith, and there's no evidence of prosecutorial bad faith here, and the district judges don't sui sponte, rarely require prosecutors to compel immunity, except in extraordinary situations, and then the, um, the other challenge is to the dismissal of the material witness warrant, well, I mean, the material witness has a liberty interest, and, uh, Castillo, uh, when, um, uh, the witness was probably going to invoke the fifth, so I don't know what value the testimony would have been, and, and Castillo, for some reason, didn't ever request the deposition of D.B., in fact, he affirmatively waived it, probably because he was afraid of what D.B. would testify to, either in a deposition or a trial, so there doesn't seem to be a, you know, just taking purely for myself a shred of, of merit to the claims that the district judge abused his discretion, the district court abused his discretion, either in denying the motion to compel immunity or in dismissing the material witness, um, warrant, now, why can't, is there some way we can simply consolidate this with the other cases that are being, um, um, argued here on appeal, um, and just deal briefly with the merits and wrap them up in, in one, in one proceeding, because there's nothing to it, just as far as I'm concerned, to this material witness business, I don't even think it's exculpatory, and that's why they didn't want him to pose. Your Honor, I should, I should take, take your words seriously. When you say there's nothing to it, uh, that's a good sign for me to say, uh, perhaps it's not a bad idea for you just to consolidate it and address it, but I should say, I don't, I want to reserve the point that they had 20,000 words in their main brief, uh, and of those 20,000 words, not a single word was spent on this. So, uh, they had the opportunity to choose, they picked 13 issues. You're talking about the main brief in the other case. Yes, I'm, perhaps I'm not. This issue's not raised in the other case. This issue's not raised in the other case. Well, but they, but they had this appeal pending, and maybe they got a, uh, some explanation, well, we already raised it, and we, and we thought we had it anyway. Even a footnote in the 85. Castillo's an appellate. That's correct. In the other case as well. That's correct. So, um, it, it, it seems to me that just in terms of the efficiency of it and to avoid wrangling with whether the material witness question is a collateral, an appealable collateral order or whatever, it'd just be possible to consolidate it and to, to deal with the material witness claims on the merits, um, as we address the merits of the fourth, of the fourth case. Why wouldn't that be just a clean way of addressing it particularly? Because I just don't, I don't know. They didn't, as you point out, they didn't, they didn't even raise this material witness case because it's, it's just not substantial. And, and I agree with that, and I, I take your point about, uh, simple resolution. I don't want to fight you on that. I would just say from our perspective at the U.S. Attorney's Office, we get a 85-page brief with 13 issues. Uh, I think I, uh, owe it as, as an advocate for my client to say, no, I'd like to push back and, and not give them the chance to add, to add on more issues. The best argument against, against what you're saying there now is that you push it, you make this rule on the collateral, on jurisdiction in this kind of a thing, and you get a bad ruling down the, or down the road on whether you can get a brief middle of the trial appeal. Why do you want to deal with that? I, I think that we're safe under 3171. I mean, there are differences between when the government has appeal rights under 3171, and here where this is clearly not an appeal from a final order, clearly not a, a permissible collateral, uh, uh, order doctrine under Cohen. It doesn't meet the three-factor test. Uh, they haven't even responded to our points that there's no jurisdiction. So the easiest, I guess your, your response, maybe you're getting to it. Your, your best response is there's no jurisdiction for us to hear this case, so why should we lap it into the fourth case? That, that's exactly right. And the easiest way to dispose of it is to find there was no jurisdiction. That's right. And they've waived the response on our jurisdiction point, uh, not, not even filed a reply to say why we're wrong. We're not wrong. Uh, there's clearly no jurisdiction here. It's an, it's a classic interlocutory order. They could have, uh, raised this issue in their brief after trial. Uh, every other case where you see material witness warrant cases or motions to compel immunity, those are after final judgments. Uh, so I don't think it's even a close call that there's no jurisdiction that Judge Wilkinson. If you're right on that, then, and you, and you won't agree that Judge Wilkinson's reasonable suggestion, you're, you're setting it all up for a 2255 after the, after the next case. Uh, I, I would say it's, it's, uh, not a meritorious issue to raise in the, in the main appeals. I wouldn't concede that we're setting up for 2255. And you may be right, but that doesn't mean it's not going to be raised. I would just say that they raised the issues they did. This, this issue in our view is so meritorious, so meritless. Uh, it didn't deserve to be raised in the first brief and it didn't deserve to be raised in the second brief. But if they thought it had a shred of merit to it, they could have put it in. Uh, so we think the jurisdictional route is the cleanest kill. I mean, I don't want, I won't, uh, wrestle with the court if the court wants to do something differently. But, uh, from our perspective, when you have 20,000 words, uh, and when we work hard to respond to those 20,000 words, we want to, you know, encourage defendants to. And if there's no jurisdiction, there's no choice. And if there's no jurisdiction, there's no choice for the court. So unless the court has any further questions for me, I'll gladly yield my time. Is it moot? It is moot. Uh, it became. Because the trial's completed. Or, uh, because the trial's, I would say it's waived because the trial's completed and it was not raised in the main brief after the trial. We haven't, we haven't gotten to that case yet. But it's moot because the witness is gone. Uh, and. It's moot because the witness is gone and the trial's over. There's no relief that this court can provide. Uh, the witness is gone. So. And the. If you sought to be raised here about the immunity and material witness warrant are moot. Moot, uh, but without jurisdiction and waived. If you don't, if it rules there's no jurisdiction, we wouldn't have to address the moot in this question. That's correct. That brings you back to this case. That's right. You first say it's with no jurisdiction. And then you're secondly to say it's moot. Thirdly to say the judge is right anyway. That's exactly correct. All right. Thank you. Thank you, Your Honor. In replying to the court's suggestion of consolidation, we would support that suggestion. Your Honor, there were, regarding the brief in the next case, there were 20,000 words, but there were eight defendants, uh, in a seven week jury trial. And this case was already pending. Your Honor, Mr. Castillo didn't request a deposition as we stated. He wanted live trial testimony. And the material witness's testimony was intended to rebut and contradict government witness testimony, which had not been presented yet. The district judges don't sua sponte compel immunity, but this was not a sua sponte matter. We requested it and we had a hearing on it. And Your Honor, this is not, uh, this is not waived. It's a final order dismissing a warrant. And we therefore argue that it's not moot and that we have not waived any of our arguments. Um, we, in our opening brief, um, continued to state that, and in our initial argument, continued to state that it was a final order dismissing a warrant and we have not waived that argument. So, pending further questions from the court, we ask for a reversal. Thank you. We'll come down and greet counsel and move into our last case.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Robert B. King